IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor<br><br>Plaintiff,<br><br>v.<br><br>Vibrant Healthcare LLC, Ismael Rodriguez Individually and Emilio Gonzalez Individually<br><br>Defendants. | Case No.  2:25-cv-14044-JD-MGB<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff complaining of the Defendants alleges as follows:

### TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

### Parties

2. Plaintiff is a resident of Charleston County, South Carolina.

3. Defendant Vibrant Healthcare, LLC (hereinafter "Vibrant") is a Utah limited liability company.

4. Upon information and belief, Vibrant's principal office is located at 904 N 1400 W St. George, UT 84770.

5. Vibrant makes calls to residents of South Carolina.

6. Vibrant conducts and transacts business in South Carolina.

7. Ismael Rodriguez ("Rodriguez") is an individual.

8. Upon information and belief, Rodriguez is a physician licensed in the state of Florida.

1

9. Rodriguez makes calls to residents of South Carolina.

10. Rodriguez conducts and transacts business in South Carolina.

11. Rodriguez works with Prime Harbor Wellness.

12. Emilio Gonzalez ("Gonzalez") is an individual.

13. Upon information and belief, Gonzalez is a physician licensed in the state of Florida.

14. Gonzalez makes calls to residents of South Carolina.

15. Gonzalez conducts and transacts business in South Carolina.

16. Gonzalez works with Prime Harbor Wellness.

## VENUE AND JURISDICTION

17. This cause of action arises out of conduct of Defendants initiating telephone solicitations to Plaintiff's wireless telephone number in Charleston County South Carolina.

18. Plaintiff is a resident of Charleston County.

19. Pursuant to *Mims v. Arrow Fin. Services. LLC* 565 U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

## Statutory Background

**The TCPA**

20. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

21. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

22. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

23. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

24. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

25. FCC regulations also expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

26. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations

promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

27. To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

28. One of them is maintaining an internal do not call list. Id. at § (d)(6). Another is training personnel regarding the existence and use of the internal donot call list. Id. at § (d)(2).

29. And still another is recording do not call requests and complying with them. Id. at § (d)(3).

30. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

31. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**The SCTPPA**

32. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq.*

33. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

4

34. The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made. *See* S.C. Code § 37-21-40.

35. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80. The SCTPPA also provides for an award of attorneys' fees and costs. *Id.*

## FACTS

**Unsolicited Telemarketing to Plaintiff**

36. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

37. Plaintiff's residential telephone number is (843)-XXX-XXXX.

38. 843 is a South Carolina area code.

39. Plaintiff's number has been on the national Do Not Call Registry since 2009.

40. The number is a residential telephone line because it is assigned to a wireless, cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

41. The number is in the Plaintiff's name and he pays the bill.

42. The Plaintiff uses the number for personal, residential, and household reasons.

43. Despite this, Plaintiff received at least four telemarketing calls from the Defendants from December 2025 through the present.

44. The violative calls came from (800) XXX-XXXX numbers.

45. Prior to initiating the instant case, Plaintiff requested in writing for Defendants to provide evidence of consent for the calls, and the Defendants did not provide the requested evidence or respond to the request.

46. The calls were made to promote health related testing kits to be paid for by Medicare.

47. The callers identified themselves as representatives from "Medical Benefits" "Medical Benefit Group" or similar names.

48. Almost none of the callers provided their last names.

49. On December 8, 2025, the Plaintiff received a similar call from a spoofed caller ID (800)-746-7287.

50. The female caller did not provide her name and gave an illegal fake name "Medical Benefits"

51. Eventually, Plaintiff was transferred to "Jane", a different person. Plaintiff instructed Jane not to call him again.

52. On December 9, 2025, the Plaintiff received another call the same spoofed caller ID (800) 746 -7287.

53. The female representative identified herself as "April" with "Medical Benefit Group", another fake, illegal name similar to the name provided in the call on December 8, 2025.

54. Eventually, April transferred Plaintiff to "Lindsay" with Vibrant Healthcare.

55. "Lindsay" transferred Plaintiff to Emilio Gonzalez, a doctor.

56. Plaintiff answered a series of questions from Dr. Gonzalez regarding a genetic testing kit related to Vibrant Healthcare, Prime Harbor Wellness and Precision Genetics, to be billed to Medicare.

6

57. Subsequent to this call, Plaintiff received a genetic testing swab kit via Fed Ex.

58. The requisition sheet accompanying the testing kit identified the source of the kit as being from Vibrant Healthcare, Prime Harbor Wellness and Dr. Ismael Rodriguez.

59. Rodriguez' signature is on the requisition sheet, and he is listed as the provider.

60. Rodriguez and Gonzalez participated in the calls alleged herein, had knowledge of the calls, or by failure to act, allowed such calls to be made.

61. On December 16, 2025, Plaintiff received another call.

62. Plaintiff answered the call and spoke to a different individual identified as "Carter Murdoch", who wanted to confirm Plaintiff was returning the testing kit to Vibrant Healthcare.

63. Plaintiff instructed "Carter" not to call him again.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act

64. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

65. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff despite his number being on the National Do Not Call Registry.

66. The Defendant's violations were negligent, willful, or knowing.

67. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

68. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

69. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

70. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

## SECOND CAUSE OF ACTION

### Telephone Consumer Protection Act

71. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

72. The SCTPPA also prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number which the recipient has made a previous Do Not Call Request.

73. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for *each* negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

74. As a result of the Defendant's violations of the SCTPPA, Plaintiff is entitled to an award of either $1,000 or $5,000 in damages for each and every violation made, in addition to attorneys' fees and costs.

75. The SCTPPA allows for aggrieved individuals to initiate an action and recover

$1,000 for *each* negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;

- For an award of attorneys' fees pursuant to the SCTPPA;

- For unspecified punitive damages in an amount to be determined by the jury.

Respectfully Submitted,

Jay Connor Plaintiff, *Pro Se*
215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@hush.com
(843) 557-5724 (Residential)

December 31, 2025